IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| OREGON TDM, INC. aka BALDEEP BASRAON, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 160227R |
| v. | ) ) | |
| MARION COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter came before the court on Defendant's motion to dismiss contained in its Answer, filed June 15, 2016.

Plaintiff filed its Complaint on May 16, 2016, requesting that the court "excuse" taxes on property identified as account P344524 for the 2009-10 through 2012-13 tax years. Plaintiff filed its response to Defendant's motion to dismiss on July 19, 2016. Defendant filed its reply on July 28, 2016. This matter is now ready for the court's determination.

Plaintiff purchased the subject property on October 23, 2013. (Compl at 2.) According to Defendant, "Plaintiff acquired property which had pre-existing tax liens on it." (Reply at 2.) Plaintiff's representative acknowledged that "[t]he property taxes charged are the owed amount of previous owners. I do understand that now I am responsible for these charges." (Compl at 2.) However, Plaintiff requested that the court excuse its liability for taxes assessed in the years prior to its purchase of the property because Plaintiff was "not aware of such taxes" at the time of purchase. *Id.*

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered August 31, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

In its Answer, Defendant requested that the court dismiss Plaintiff's appeal on three grounds: (1) no appeal to the county board of property tax appeals (BOPTA) was filed for the years at issue; the court's jurisdiction under ORS 305.288 does not extend to the years at issue; and (3) the court lacks jurisdiction to award the relief requested by Plaintiff. (Ans at 1.)

In general, a taxpayer wishing to challenge the value assigned to its property may file a petition with BOPTA no later than December 31 of the current tax year. *See* ORS 309.100.[2] A taxpayer who is dissatisfied with the BOPTA order may then appeal to this court under ORS 305.275 within 30 days of the date of the order. *See* ORS 305.275(3); ORS 305.280(4). If a taxpayer fails to appeal to BOPTA within the time required, ORS 305.288(3) allows the court to "order a change or correction * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."

There is no evidence that Plaintiff appealed to BOPTA for any for the years at issue, and the court's authority to correct the tax rolls for the current and previous two tax years (2015-16, 2014-15, and 2013-14) does not extend to the tax years appealed by Plaintiff.[3] But even if either of those avenues of appeal were open to Plaintiff, Plaintiff has not challenged the underlying value of the property or asked the court to correct an error on the rolls. Instead, Plaintiff asks the court to excuse its liability for the tax years at issue.

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[3] The "current tax year" at the time Plaintiff filed its Complaint was 2015-16. ORS 306.115; 308.007(1)(c).

That brings the court to Defendant's third argument: the court does not have the authority to grant the relief requested by Plaintiff. That argument is well taken. Plaintiff has not challenged the fact that the tax liens existed at the time it purchased the subject property or argued that it is entitled to protection as a bona fide purchaser. *See* ORS 311.641. Rather, Plaintiff has acknowledged its ultimate responsibility for the delinquent taxes; Plaintiff simply requests that the court relieve it from that responsibility for tax years in which it did not own the subject property. It is unfortunate that Plaintiff is now responsible for a tax liability that was incurred by another. However, the court is not aware of any source of law that would allow it to grant the relief requested by Plaintiff. Accordingly, the court concludes that Plaintiff's appeal must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ____ day of September 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on September 20, 2016.*